IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) RACHEL TUDOR, § § Plaintiff, § § vs. § § 1) MARIE E. GALINDO, an individual, § 2) BRITTANY M. NOVOTNY, an individual § 3) JILLIAN T. WEISS, an individual § 4) EZRA I. YOUNG, an individual, and § 5) TRANSGENDER LEGAL DEFENSE § AND EDUCATION FUND, a Non-Profit § CORPORATION, § § Defendants. § | Case No. CIV-22-480-SLP |

## DEFENDANT MARIE E. GALINDO'S ORIGINAL ANSWER

COMES NOW, Defendant Marie E. Galindo (hereinafter "Defendant-Galindo"), and for her answer to Plaintiff's Complaint states and alleges as follows:

1. Defendant-Galindo generally denies each and every allegation contained in the Complaint, including a denial of all relief sought, unless otherwise specifically admitted herein.

2. Defendant-Galindo admits Paragraph 1 of Plaintiff's Complaint, as there is no basis or information to deny.

3. Defendant-Galindo admits Paragraph 2.

4. Regarding Paragraph 3, Defendant-Galindo admits that Defendant Novotny served as Tudor's attorney in Case No. CIV-324-C. Defendant-Galindo does not have sufficient information to admit or deny Defendant Novotny resides in Oklahoma City.

5. Defendant-Galindo admits that Defendant Weiss served as Tudor's attorney in Case No. CIV-324-C. Defendant-Galindo admits on information and belief that Defendant Weiss has residency in New York.

6. Regarding Paragraph 5, Defendant-Galindo admits that Defendant Young served as Tudor's attorney in Case No. CIV-324-C. Defendant-Galindo admits on information and belief that Defendant Young has residency in New York.

7. Regarding Paragraph 6, Defendant admits that Defendant TLDEF served as Tudor's attorney in Case No. CIV-324-C. Defendant-Galindo admits on information and belief that Defendant TLDEF has residency in New York.

8. Paragraph 7 of Plaintiff's Complaint fails to assert any allegations against the Defendant-Galindo and, as such, no response is required. To the extent that a response is required, Defendant-Galindo acknowledges that she is owed earned attorney fees incurred during the jury trial and appeal.

9. Defendant-Galindo admits on information and belief the allegations contained in paragraph 8 of Plaintiff's Complaint. To the extent a response is required, Defendant-Galindo asserts that she is legally entitled to a percentage of proceeds in the Fund.

10. Defendant-Galindo lacks sufficient information to admit or deny the allegations contained in paragraph 9 of Plaintiff's Complaint and, therefore, denies the same.

11. To the extent Paragraph 10 asserts a purely legal conclusion, no response is required. To the extent that a response is required, Defendant-Galindo

consents to this Court having subject matter jurisdiction and further consents to venue with this Court.

    12.    Plaintiff, in her "Wherefore" paragraph, requests relief to which Defendant-Galindo responds, in turn, as follows:

    1) Defendant-Galindo agrees to interplead and assert her right to the Fund;

    2) Defendant-Galindo does not oppose the Funds being deposited into the Court's registry;

    3) Defendant-Galindo agrees not to proceed against Plaintiff in any state or federal court regarding attorney fees associated with the litigation and/or the Retainer Agreement, until further order of this Court; and

    4) Defendant-Galindo denies that she should be ordered to appear and show cause. Defendant-Galindo remains confident in her work for Plaintiff in the underlying trial and appeal. Defendant-Galindo has a good faith belief that there can be an amicable resolution of her claim for attorney's fees from the Fund or based on the Court's ruling on same after review and findings based on Defendant-Galindo's legal experience plus reasonable and necessary billing practices in Plaintiff's underlying employment case.

## AFFIRMATIVE DEFENSES

13. The acts and omissions of other parties, over whom Defendant-Galindo had no control, are the cause of any alleged harm which Plaintiff now or may hereinafter claim.

14. Defendant-Galindo denies that she is responsible for any harm to Plaintiff.

15. The statement of the above affirmative defenses is not a waiver of Defendant-Galindo's right to amend this answer to allege any and all affirmative defenses of which Defendant-Galindo becomes aware during discovery, preparation for trial, or during trial or any right to plead claims against any of the parties named herein.

WHEREFORE, having fully answered the Complaint for Interpleader of Plaintiff on file herein, Defendant-Galindo prays that the Funds totaling $574,425.00 be deposited into the registry of the Court and that Defendant-Galindo be awarded all costs, attorney's fees and other such relief to which the Court deems her entitled herein.

Respectfully submitted,

/s/ *Marie E. Galindo*
Marie Eisela Galindo
Texas Bar No. 00796592
P.O. Box 1111
Austin, Texas 78767
Tel: 737.471.9063
AttorneyMarieEiselaGalindo@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2022, I electronically filed a copy of the foregoing with the Clerk of Court by using the CM/ECF system, which will automatically serve all counsel of record.

/s/ *Marie E. Galindo*
Marie Eisela Galindo
Texas Bar No. 00796592