IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DR. RACHEL TUDOR, | ) | |
|     Plaintiff, | ) | |
| v. | ) | Case No. 5:22-cv-00480-JD |
| | ) | |
| 1. MARIE GALINDO, | ) | |
| 2. BRITTANY STEWART, | ) | |
| 3. LAW OFFICE OF | ) | |
|    JILLIAN WEISS, | ) | |
| 4. EZRA YOUNG, | ) | |
| 5. TRANSGENDER LEGAL | ) | |
|    DEFENSE AND EDUCATION | ) | |
|    FUND | ) | |
|     Defendants. | ) | |
| | ) | |
| 1. EZRA YOUNG, | ) | |
| 2. BRITTANY STEWART, | ) | |
|     Counterclaim Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| 1. DR. RACHEL TUDOR, | ) | |
|     Counterclaim Defendant. | ) | |
| | ) | |
| 1. EZRA YOUNG, | ) | |
| 2. BRITTANY STEWART, | ) | |
|     Third-Party Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| 1. JILLIAN WEISS | ) | |
| 2. SOUTHEASTERN OKLAHOMA | ) | |
|    STATE UNIVERSITY, | ) | |
| 2. REGIONAL UNIVERSITY | ) | |
|    SYSTEM OF OKLAHOMA, | ) | |
|     Third-Party Defendants. | ) | |

i

| | |
|---|---|
| 1. JILLIAN WEISS, | ) |
|     Counterclaim Plaintiff, | ) |
| v. | ) |
| | ) |
| 2. EZRA YOUNG, | ) |
|     Counterclaim Defendant. | ) |

**JOINT BRIEF OF EZRA YOUNG AND BRITTANY STEWART
RESPONDING TO PARTY STATEMENTS OF
<u>RACHEL TUDOR AND JILLIAN WEISS</u>**

Young and Stewart (Former Counsel) maintain that this Court lacks jurisdiction over Tudor's interpleader suit for all the reasons outlined in our position brief (ECF No. 66). We submit this brief responding to party briefs filed by Rachel Tudor (ECF No. 67) and Jillian Weiss (ECF No. 69).

## TUDOR'S EVIDENTIARY BURDEN IS NOT MET

Tudor misapprehends her burden as interpleader plaintiff. Federal courts must presume "that no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *US ex rel Hafter v. Spectrum Emergency Care*, 190 F.3d 1156, 1160 (10th Cir. 1999). Where jurisdiction is challenged, "the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence." *Id.* (citing *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994)). Parties claiming jurisdiction must both plead facts essential to show jurisdiction and must support those facts by competent proof. *US ex rel. Precision v. Koch Indus.*, 971 F.2d 548, 551 (10th Cir. 1992) (citing *McNutt v. Gen. Motors Acceptance*, 298 U.S. 178, 189–90 (1936)).

Tudor's suggestion that she may be willing to proffer evidence to establish that the "clean hands" doctrine does not apply to her interpleader suit misses the mark.[1] Because this Court has called into question its

---

1. ECF No. 67 at 9 n.7 (arguing Tudor "would need every bit of fifty additional pages" to speak to wrongdoing Former Counsel allege in our complaint amounts to "unclean hands"; also arguing that Tudor's conduct

1

jurisdiction, and specifically because the parties were asked to respond to whether "clean hands" doctrine precludes jurisdiction,[2] Tudor carries the burden to prove the doctrine does not deprive her of jurisdiction.

To date, Tudor has not proffered any evidence supporting her claim of jurisdiction. At most, Tudor makes bare allegations in her position brief that are unsupported by citations to either this or the merits case docket. Tudor has had ample opportunity to provide evidence in support and has failed to do so. However, if this Court finds an evidentiary hearing testing the factual bona fides of Tudor's claim to jurisdiction helpful, we are amenable to such proceeding.

## THE INTERPLEADER CASE IS OTHERWISE FATALLY FLAWED

Tudor suggests that interpleader is appropriate because she unilaterally designated a "fund," pled that various lawyers have entitlement to the fund, and relief is necessary to shield her from suits brought against her by Former Counsel. We address each point directly.

We reiterate that Tudor cannot avail herself of interpleader because she caused the hazard she hopes interpleader remedies. If Tudor had not settled around the Former Counsel and others' interests, she would not need to seek

---

during the merits case "is largely irrelevant to this post-settlement interpleader action").
    2. Order, ECF No. 63 at 1 (question two).

interpleader relief. *US v. Major Oil*, 583 F.2d 1152, 1158 (10th Cir. 1978) (interpleader remedy unavailable if "the hazard which she seeks to avoid has been occasioned by her own act") (cleaned up).

Relatedly, Tudor's consternation that Former Counsel believe ourselves to be entitled to fees and costs that are greater than the "fund" brokered around us cuts against her claim to jurisdiction. Tudor admits that she brokered a "settlement" that was insufficient to settle her outstanding attorneys' bills. The purported mismatch between the "fund" Tudor wishes to interplead and her unpaid legal bills from the merits case is a hazard Tudor herself created. *Farmers Irrigating Ditch & Reservoir v. Kane*, 845 F.2d 229, 232 (10th Cir. 1988) ("It is the general rule that a party seeking interpleader must be free from blame in causing the controversy, and where he stands as a wrongdoer with respect to the subject matter of the suit or any of the claimants, he cannot have relief by interpleader.").

We also point out that Tudor is not a disinterested bystander in her interpleader suit, as is required. *Sanders v. Armour Fertilizer Works*, 292 U.S. 190, 200 (1934) ("Disinterestedness is essential to a bill of interpleader."). Tudor's insistence (parroted by Weiss) that as our client in the merit case she had an absolute right to settle without our input, including all attorneys' fees and costs accrued, is contrary to law. Attorneys' liens are the property of counsel, not the client. 5 OK Stat. §6(A) ("no settlement between parties

3

without the approval of the attorney shall affect or destroy such lien"). *See also Farmers Ins. Exchange of LA*, 112 F.Supp. 952, 955 (W.D. Okla. 1953) (interpreting Oklahoma law's purpose as being "to prevent an attorney from being bound by the amount of a settlement made without his knowledge and consent and to reserve for him the right to come forward and establish the true value of his client's cause of action thereby establishing the true value of his client's cause of action").

Just because Tudor wishes to resolve all possible claims against her via interpleader, does not mean that she is entitled to the remedy. The Supreme Court has long held that interpleader cannot be used to solve all the problems of multi-party litigation. *State Farm Fire & Cas. v. Tashire*, 386 U.S. 523, 537 (1967) ("federal interpleader was not intended to serve the function of a 'bill of peace'").

## NO DEPOSIT HAS BEEN MADE

Tudor's contention that her trial and interpleader counsel, Jerry Colclazier, is holding the "fund" as an officer of the Court and thus satisfies the deposit requirement is without legal support. No precedent suggests let alone recognizes that the interpleader's personal counsel may serve as a receiver. (Indeed, Colclazier never sought leave of Court to serve as receiver.) Nor does any case suggest that personal counsel with an admitted direct interest in the

4

fund—Colclazier seeks payment for work in the merits case via Weiss' interest—may serve as "receiver."

Likewise, Tudor's argument that she is free to spend down the "fund" while her interpleader suit is pending is also unfounded.[3] An interpleader fund is only deposited where the plaintiff relinquishes control of the property at issue. Tudor's continued exercise of control over the "fund" as defined in her own complaint proves that she has made no "deposit." Nor is Tudor eligible for a partial deposit reprieve. Deposit of less than the full sum in controversy is only available where (a) the interpleader deposits the whole of the sum in her possession (b) at the time she learned of the dispute. *Champlin Petroleum v. Ingram*, 520 F.2d 994, 996 (10th Cir. 1977). Tudor satisfies neither condition.

---

3. Tudor Br. at 10 n.8.

Dated: February 13, 2024

                    Respectfully Submitted,

/s/ Ezra Young
Ezra Young (NY Bar No. 5283114)
LAW OFFICE OF EZRA YOUNG
210 North Sunset Drive
Ithaca, NY 14850
P: (949) 291-3185
ezra@ezrayoung.com

/s/ Brittany Stewart
Brittany Stewart (OK Bar No. 20796)
PO Box 295
Aurora, MN 55705
P: (405) 420-5890
brittany.novotny@gmail.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2024, I electronically filed a copy of the foregoing with the Clerk of Court by using the CM/ECF system, which will automatically serve all counsel of record.

<u>/s/ Ezra Young</u>
Ezra Young (NY Bar No. 5283114)