IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DR. RACHEL TUDOR, )<br> Plaintiff, )<br>v. )<br> )<br>1. MARIE GALINDO, )<br>2. BRITTANY STEWART, )<br>3. LAW OFFICE OF )<br> JILLIAN WEISS, )<br>4. EZRA YOUNG, )<br>5. TRANSGENDER LEGAL )<br> DEFENSE AND EDUCATION )<br> FUND )<br> Defendants. )<br> )<br>1. EZRA YOUNG, )<br>2. BRITTANY STEWART, )<br> Counterclaim Plaintiffs, )<br> )<br>v. )<br> )<br>1. DR. RACHEL TUDOR, )<br>2. JILLIAN WEISS, )<br> Counterclaim Defendants. )<br> )<br>1. EZRA YOUNG, )<br>2. BRITTANY STEWART, )<br> Third-Party Plaintiffs, )<br>v. )<br> )<br>1. SOUTHEASTERN OKLAHOMA )<br> STATE UNIVERSITY, )<br>2. REGIONAL UNIVERSITY )<br> SYSTEM OF OKLAHOMA, )<br> Counterclaim Defendants. )| Case No. 5:22-cv-00480-JD |

**JOINT MOTION TO STRIKE OF**
**EZRA YOUNG AND BRITTANY STEWART**

We respectfully ask that this Court strike a filing made by Jillian Weiss (ECF No. 71 at 2 n.2) which discloses confidential settlement communications in violation of this Court's order (ECF No. 44) and Local Rule 16.2(f). Striking Weiss' filing is a prudent and appropriate sanction. It would also send a reminder to all that overt refusals to mind this Court's orders and rules risk serious reprisal.

FACTUAL BACKGROUND

As the Court is already aware, the instant case is a spin off from a merits employment discrimination case successfully litigated on Dr. Tudor's behalf in the Western District. In the instant case, this Court set a judicial settlement conference for January 9, 2024. This was to be the *first time* Dr. Tudor ever attempted to settle her attorneys' bills with Former Counsel. Order, ECF No. 43 (setting conference). As required, Former Counsel submitted confidential settlement statements and demands to Magistrate Judge Erwin and all parties in advance of the conference, including a letter dated January 5, 2024. Order, ECF No. 44 ¶¶ 1,3 (requiring settlement demands and statements); *id.* at ¶ 2 (ordering all communications to be deemed confidential).

After the judicial settlement conference failed (ECF No. 59), this Court ordered the parties to brief two issues calling into question this Court's jurisdiction over Dr. Tudor's interpleader suit (ECF No. 63). Party position briefs were filed by Former Counsel, Dr. Tudor, Jillian Weiss, and TLDEF.

Response briefs were filed by Former Counsel (ECF No. 70) and Weiss (ECF No. 71).

Upon review of Weiss' response brief (ECF No. 71 at 2, n.2), Former Counsel notified her that she made direct reference to our January 5 letter and revealed part of its substance in her filing in contravention of Judge Erwin's order and Local Rules. Weiss rebuffed efforts to confer on a cure—her only defense being her position that confidentiality was "waived" because she insisted the January 5 letter was dispatched *after* the January 9 settlement conference occurred. *See* Exhibit 1.

After conferral with Weiss failed, Former Counsel reached out to Judge Erwin requesting that he find Weiss in contempt of the confidentiality provision of the judicial settlement conference order. That request was made via email on February 14, 2024. *See* Exhibit 2. Another request to Judge Erwin was made the next day after Former Counsel discovered that Dr. Tudor, via her current counsel Jerry Colclazier, also violated the confidentiality provision of that same order. *See* Exhibit 3. Before filing the instant motion, Former Counsel attempted (again) to confer with Weiss about a private cure—Weiss declined to respond. *See* Exhibit 4.

In this interpleader proceeding, this Court had repeatedly reminded the parties and Jillian Weiss specifically that all must comply with court orders and the Local Rules. Just last October, this Court admonished Weiss that in

moving for admission *pro hac vice*, she filed the wrong application, and admission was contingent upon her cure.[1] Order, ECF No. 47 at 2. In that same order, Weiss was warned that any future failure to abide by orders let alone Local Rules would be remedied by striking her filings. *Id.* at 2 n. 1 ("Any future filings that do not comply with the Court's local rules . . . will be stricken."). As this docket reflects, Weiss continues to refuse to bring herself into line with the Western District's orders and rules.

## LEGAL ARGUMENT

We respectfully ask that this Court strike the Weiss filing (ECF No. 71) which discloses the partial content of a judicial settlement communication in violation of court order (ECF No. 44) and Local Rule 16.2(f). This Court is empowered to strike filings that fail to comport with its orders and local rules. Previous warnings to Weiss specifically have fallen on deaf ears. The time for strong medicine is now.

## I.    THIS COURT HAS INHERENT POWERS TO SANCTION WEISS

We are not moving for sanction under Rule 11. Instead, we ask that this Court act pursuant to its inherent powers to manage its own docket. As

---

1. We point out that, despite multiple efforts to remind Weiss that she must properly refile her paperwork to appear pro hac vice, she has declined to do so. Weiss filed a notice of appearance on January 12, 2024 (ECF No. 60). But has not yet filed a proper admission for pro hac vice admission. The appropriate form is hosted at https://www.okwd.uscourts.gov/wp-content/uploads/Pro_Hac_Vice_Form.pdf.

explained by Justice Sotomayor, "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S.Ct. 1885, 1892 (2016) (Sotomayor, J.). Such inherent powers, as explained by the late Justice Harlan, are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (Harlan, J.).

This Court's power to sanction a party who fails to follow court orders or local rules is well-established. *See Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003); *Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002). Separately, the Western District has quite recently explained in another case that failure to abide by settlement conference orders is sanctionable. *Stephens v. BMAG Mngmt. Co.*, 20-cv-306-JD, 2023 WL 4479304, at*3–4 (W.D. Okla. July 11, 2023) (Dishman, J.) (noncompliance with settlement conference order properly triggers show cause hearing to explore why counsel's violation should trigger her being held in contempt of court).

## II.   WEISS' CONDUCT MERITS CENSURE

Under the auspices of responding to Former Counsel's brief casting doubt on this Court's jurisdiction over Dr. Tudor's interpleader suit, Jillian Weiss filed a brief brazenly disclosing the content of Former Counsel's confidential

letter transmitted to Judge Erwin and the parties. Former Counsel's communication was and is confidential under Judge Erwin's order setting out the parameters for the judicial settlement conference (ECF No. 44 ¶ 2) as well as Local Rule 16.2(f).

Mistakes happen. But Weiss' disclosure appears on this record to be both intentional and willful, further evidenced by her response once Former Counsel notified her of the problem. Rather than work with Former Counsel to cure her filing, Weiss concocted a facially absurd excuse—insisting our January 5 letter was dispatched *after* the January 9 settlement conference, and thus was not confidential (Exhibit 1). Weiss' recalcitrance, even when given an opportunity to privately correct course, is unacceptable in any counsel, let alone one such as Weiss, appearing in the Western District as a visitor by special permission of the Court.

## III.   STRIKING WEISS' FILING IS AN APPROPRIATE REMEDY

We humbly suggest that the Court to strike Weiss' filing in its entirety. Such reprimand would have been more than warranted if this incident were isolated, which it is not. Strong medicine is all the more appropriate in this case given that Weiss' conduct imperils the parties capacity to meaningfully explore settlement going forward.

Confidentiality of judicial settlement proceedings is inviolable. As the Tenth Circuit observes, the guarantee of confidentiality is essential to the

proper functioning settlement conference programs. *Clark v. Stapleton Corp.*, 957 F.2d 745 (10th Cir. 1992) (per curiam). This is so, as Chief Judge Claire Eagan of the Northern District once explained, because "a well-functioning settlement program is essential to the efficient administration of justice." *Davis v. Kansas City Fire & Marine Ins. Co.*, 195 FRD 33, 37 (N.D. Okla. 2000). Confidentiality of settlement communications is "absolutely necessary to ensure the effective[ness] of the program. Violations of those requirements will not be condoned." *Id.*

Filings which purport to disclose the precise content of settlement communications subject to confidentiality orders is unacceptable. Indeed, filings disclosing such communications is "the ultimate breach of confidentiality." *Davis*, at *37. "It is a further violation to use confidential settlement conference statements to gain an advantage in the litigation." *Id.* And yet, Weiss' brief does precisely that. Weiss' filing discloses both the content of our settlement communications—identifying by their date that these were made in anticipation of the settlement conference. Her filing also goes on to paint Former Counsel's prudent decision not to disclose our settlement demand in our brief questioning jurisdiction over Tudor's interpleader suit as suspect. *Id.* at ECF No. 71 at 2 n.2 ("These amounts are not referenced in their Joint Brief.").

This is not a situation in which this Court must guess as to the content of confidential settlement communications. Weiss' filing purports to quote from a letter conveying a confidential settlement demand made under the supervision of a judicial settlement conference order. *Contrast Ponca Tribe of Indians of Oklahoma v. Continental Carbon Co.*, 05-cv-445-C, 2008 WL 1133813 at *1 (W.D. Okla. Dec. 13, 2008) (Cauthron, J.) (declining to strike and sanction a disclosure made on the merits docket because that did not directly convey the "offer" made by opposing counsel to settle the case).

Weiss' filing does far more than imperil the integrity of the present proceedings. As former Judge Eagan explains,

> If participants in the settlement process cannot rely on confidentiality of what occurs in the process, and must wonder when their statements will be used for an litigation advantage, counsel of necessity will feel constrained to conduct themselves in a cautious, tight-lipped, non-committal manner more suitable to poker players in a high-stakes game than adversaries attempting to arrive at a just resolution of a civil dispute. This atmosphere if allowed to exist would surely destroy the effectiveness of a program which has led to settlements and the simplification of issues.

*Davis*, at *37 (quoting in part *Lake Utopia Paper Ltd. V. Connelly Containers, Inc.*, 608 F.2d  928, 930 (2d Cir. 1979)).

Striking filings is a method of sanctioning. *Med. Supply Chain, Inc. v. Neoforma, Inc.*, 2008 WL 11333741 at *3 (D.Kan. July 8, 2008) (*citing Lynn v. Roberts*, 2005 WL 3087841, at *6 (D.Kan. Nov. 1, 2006)). Indeed, the Western

District and sister courts in this Circuit have long recognized that striking of filings violating judicial settlement orders is the appropriate sanction. *See, e.g.,*

## CONCLUSION

With the upmost respect for this Court, its rules, and its orders, we respectfully ask that Jillian Weiss' filing (ECF No. 71) be struck in its entirety and sanction for her willful refusal to abide by orders and rules requiring that settlement communications be kept confidential.

Dated: February 23, 2024

Respectfully Submitted,

/s/ Ezra Young
Ezra Young (NY Bar No. 5283114)
LAW OFFICE OF EZRA YOUNG
210 North Sunset Drive
Ithaca, NY 14850
P: (949) 291-3185
ezra@ezrayoung.com

/s/ Brittany Stewart
Brittany Stewart (OK Bar No. 20796)
PO Box 295
Aurora, MN 55705
P: (405) 420-5890
brittany.novotny@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2024, I electronically filed a copy of the foregoing with the Clerk of Court by using the CM/ECF system, which will automatically serve all counsel of record.

<u>/s/ Ezra Young</u>

Ezra Young (NY Bar No. 5283114)