IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DR. RACHEL TUDOR,                          )
    Plaintiff,                             )
                                           )
v.                                         )
                                           )   Case No. 5:22-cv-00480-JD
1.  MARIE GALINDO,                         )
2. BRITTANY STEWART,                       )
3. LAW OFFICE OF                           )
   JILLIAN WEISS,                         )
4. EZRA YOUNG,                             )
5. TRANSGENDER LEGAL                       )
   DEFENSE AND EDUCATION                  )
   FUND                                   )
    Defendants.                          )
                                           )
1. EZRA YOUNG,                             )
2. BRITTANY STEWART,                       )
    Counterclaim Plaintiffs,             )
                                           )
v.                                         )
                                           )
1. DR. RACHEL TUDOR,                       )
2. JILLIAN WEISS,                          )
    Counterclaim Defendants.             )
                                           )
1. EZRA YOUNG,                             )
2. BRITTANY STEWART,                       )
    Third-Party Plaintiffs,              )
v.                                         )
                                           )
1. SOUTHEASTERN OKLAHOMA )
   STATE UNIVERSITY,                      )
2. REGIONAL UNIVERSITY                     )
   SYSTEM OF OKLAHOMA,                    )
    Counterclaim Defendants.             )

**EZRA YOUNG AND BRITTANY STEWART'S**
**JOINT MOTION FOR TEMPORARY RESTRAINING ORDER AND**
<u>**PRELIMINARY INJUNCTION AND BRIEF IN SUPPORT**</u>

## TABLE OF CONTENTS

Table of Authorities ................................................................................ iv

Introduction .......................................................................................... 1

Background Facts ................................................................................... 1

Proposed Scope of TRO and/or Preliminary Injunction ..................................... 9

Arguments and Authorities ..................................................................... 10

    I.    This Court is empowered to issue a
               TRO and/or preliminary injunction ................................................. 10

    II.    Equitable factors support issuing a
              TRO or preliminary injunction ....................................................... 12

         1.  Substantial likelihood of success on the merits ............................ 13

         2.  Irreparable harm without a TRO or preliminary injunction ....... 14

         3.  No party will be harmed by a TRO or preliminary injunction .... 15

         4.  Public interest is served by issuance of relief sought ................. 16

Conclusion ......................................................................................... 17

# TABLE OF AUTHORITIES

<u>Cases:</u>

*Baker ex rel. Thomas v. Gen. Motors Corp.*,
    522 U.S. 222 (1998) ................................................................... 12

*Chung v. Lamb*,
    73 F.4th 824 (10th Cir. 2023) ................................................... 16

*Dominion Video Satellite v. EchoStar Satellite*,
    269 F.3d 1149 (10th Cir. 2001) .......................................... 15, 16

*Granny Goose Foods, Inc. v. Int'l Bhd. of Teamsters*,
    415 US 423 (1974) ..................................................................... 12

*Hamilton v. Boise Cascade Express*,
    519 F.3d 1197 (10th Cir. 2008) ................................................ 16

*Meyers v. Ideal Basic Indus., Inc.*,
    940 F.2d 1379 (10th Cir. 1991) .................................................. 4

*Mitchum v. Foster*,
    407 U.S. 225 (1972) ................................................................... 11

*Prairie Band of Potawatomi Indian v. Pierce*,
    253 F.3d 1234 (10th Cir. 2001) ................................................ 13

*Smith v. Soil Conservation Serv.*,
    563 F. Supp. 843 (W.D. Okla. 1982) ....................................... 13

*Tri-State Generation & Transmiss. Ass'n v. Shoshone River Power*,
    805 F.2d 351 (10th Cir. 1986) .................................................. 13

*Tulsa Radiology Assocs., Inc. v. Hickman*,
    683 P.2d 537 (Okla. Ct. App. 1984) .......................................... 4

*Univ. of Tex. v. Camenisch*,
    451 US 390 (1981) ..................................................................... 15

*Young v. First State Bank*,
    628 P.2d 707 (Okla. 1981) .......................................................... 4

Statutes:

Anti-Injunction Act, 28 USC § 2283.............................................................. 10, 11

Counsel's Liability for Excessive Costs, 28 USC § 1927 ................................. 16

Miscellaneous:

43 C.J.S. *Injunctions* §17 ................................................................................. 13

## INTRODUCTION

Ezra Young and Brittany Stewart (Former Counsel) respectfully move for entry of a temporary restraining order and/or a preliminary injunction enjoining Tudor, Weiss, and Colclazier from multiplying proceedings in other fora.

This request is principally made because Former Counsel have recently discovered that Tudor, Weiss, and Colclazier have initiated multiple ethics grievances and a state court lawsuit now pending in the District Court of Oklahoma County, State of Oklahoma in which they are trying to collaterally litigate issues properly before the Western District. For the reasons explained below, an anti-suit injunction is appropriate under the circumstances and otherwise is necessary to preserve the Western District's jurisdiction over this case.

## BACKGROUND FACTS

1. In 2020, 2021, and 2024 Dr. Tudor, by and through her counsel Jerry Colclazier and Jillian Weiss, filed multiple ethics grievances against Ezra Young and Brittany Stewart before authorities in Oklahoma and New York.

2. The 2020 ethics grievances filed against Young and Stewart were taken up by authorities in Oklahoma and New York, fully investigated by the authorities, and ultimately deemed to lack merit.

1

The Oklahoma grievance was dismissed in August 2021 and the New York grievance was dismissed in September 2021. *See* Exhibit 1 (2021 notices dismissing ethics grievances on the merits).

3. In Fall 2021, Tudor filed yet another grievance against Stewart close in time to Former Counsel filing timely petitions for attorneys' fees and costs in the merits case. That grievance was also dismissed. *See* Exhibit 2 (OBA notice to Stewart of dismissal).

4. In October 2021, Tudor (via Weiss) opposed Former Counsel's participation in fees and costs proceedings on the pretense that Former Counsel committed grievous ethics violations against her. Tudor (via Weiss) withheld from the Wester District that the accusations she made on the public docket against Former Counsel had, at the time she raised them to the Court, been dismissed for lack of merit.

5. In June 2022, Dr. Tudor settled around Former Counsel's interests in the merits case. As part of that scheme, Tudor immediately sued Former Counsel, Weiss, and others in the Western District via interpleader. ECF No. 1 (Tudor's interpleader complaint).

6. In December 2022, Former Counsel answered and brought claims against Tudor and Weiss. *See* ECF No. 17 (original answer and complaint). Former Counsel later amended. *See* ECF No. 32.

7. On February 27, 2023, Weiss answered Former Counsel's amended complaint and complaint (ECF No. 37).

8. Around that same time, Tudor and the Oklahoma sub-divisions moved to dismiss Former Counsel's claims. *See* ECF Nos. 35 (Tudor's motion) and 36 (Oklahoma sub-divisions' motion). Those motions are fully briefed.

9. In September 2023, this Court ordered the parties to participate in a judicial settlement conference (ECF No. 43).

10. On October 6, 2023, Magistrate Judge Erwin issued an order that, among other things, deems all communications made pursuant to that settlement order confidential (ECF No. 44 at 1).

11. On January 5, 2024, Former Counsel transmitted a communication to Judge Erwin and all parties containing a settlement demand.

12. On January 9, 2024, the judicial settlement conference was held. A settlement was not reached (ECF No. 59).

13. On January 12, 2024, Weiss filed an untimely third-party suit against Young bringing one claim for "malicious prosecution" (ECF No. 62).

a.  The theory of Weiss' federal case is that Young and Stewart's claims against Weiss constitute malicious prosecution under Oklahoma law.

b.  Former Counsel are aware that a "malicious prosecution" claim is unripe until the plaintiff has secured a favorable judgment in the action claimed to be maliciously instigated.[1]

c.  Weiss' suit is also fatally flawed insofar as it accuses Former Counsel of bringing suit more than one year after Tudor settled around us in the merits case. Tudor settled around us in June 2022, and we brought suit against Tudor and Weiss in December 2022.

d.  Weiss' suit misleads this Court insofar as represents that Young committed misconduct against Tudor, despite those precise allegations having been investigated and being dismissed as without merit by New York authorities back in 2021. *See supra* ¶

---

1.  Under Oklahoma law, a plaintiff bears the burden of affirmatively showing the following elements to establish a claim of malicious prosecution: (1) the bringing of an action, (2) its successful termination in favor of the plaintiff, (3) want of probable cause, (4) malice, and (5) damages. *Meyers v. Ideal Basic Indus., Inc.*, 940 F.2d 1379 (10th Cir. 1991) (citing *Young v. First State Bank*, 628 P.2d 707, 709 (Okla. 1981); *Tulsa Radiology Assocs., Inc. v. Hickman*, 683 P.2d 537, 539 (Okla. Ct. App. 1984)).

14.    On January 15, 2024, Young and Stewart notified Weiss via email that her third party complaint was untimely under the Federal Rules of Civil Procedure. Nonetheless, Weiss refused to withdraw her complaint at that time. *See* Exhibit 3 (emails between Weiss, Young, and Stewart raising that Weiss' suit was untimely).

15.    On January 16, 2024, the Court ordered all parties to submit position briefs as to whether the Western District has equitable jurisdiction over Tudor's interpleader suit (ECF No. 63).

16.    On January 29, 2024, Young sought an extension of time to respond to Weiss' federal suit (ECF No. 64). That request was granted (ECF No. 65).

17.    On January 30, 2024, Weiss purported to withdraw her federal suit against Young via footnote in her "position brief" (ECF No. 69 at 2 n.4).

18.    On February 13, Weiss filed another brief in this case in which she brazenly disclosed the content of Former Counsels' January 5 settlement communications made confidential by court order (ECF No. 71 at 2 n.2).

19.    Later that same day, Weiss notified Young and Stewart via email that she refused to cure her brief on the pretense that the January 5 communication she disclosed on the public docket was unprotected

because it was transmitted *after* the January 9 settlement conference. *See* ECF No. 74-1 (Weiss email).

20.    On February 13 and 14, 2024, Weiss filed motions to dismiss her suit against Young. *See* ECF Nos. 72 (stricken for failure to comply with local rules) *and* 73 (withdrawal motion complying with signature rule).

21.    On February 14, Young and Stewart notified Magistrate Judge Erwin that Weiss's brief disclosed confidential settlement communications and requested that Weiss be found in contempt of court. To date, Judge Erwin has not responded to that request. ECF No. 74-2 (email to Judge Erwin).

22.    On February 15, Stewart learned via letter from Oklahoma ethics authorities that Tudor, with the assistance of Colclazier, filed an ethics grievance against her premised on the notion that Former Counsel's settlement demand contained in the January 5 communication violated ethics rules governing Oklahoma lawyers. In response to Tudor's grievance, the OBA issued a dismissal letter advising Tudor (and Colclazier) that ethics complaints cannot be used as a "procedural sword" while this interpleader suit is still pending in federal court. *See* Exhibit 4 (OBA dismissal letter).

23.   Later that same day, Former Counsel reached out to Judge Erwin via email, notified him that Tudor and Colclazier's bar complaint against Stewart disclosed the content of settlement communications and shared a copy of Former Counsel's January 5, 2024 settlement communication to ethics authorities, in apparent contravention of this court's confidentiality order. Again, Former Counsel asked Judge Erwin to find Tudor and Colclazier in contempt of court. To date, Judge Erwin has not responded to that request. *See* ECF No. 74-3.

24.   Later that same day, Weiss filed a "pro se" suit against Young in Oklahoma State Court (case no. CJ-2024-1034).

   a.   Weiss' state complaint is substantially similar to the federal complaint Weiss withdrew against Young. *Compare* ECF No. 62 (Weiss federal complaint) *with* Exhibit 5 (Weiss state court complaint).

   b.   In the state suit, Weiss posits that she personally represented Tudor in the 2020 ethics complaints made by her against Young in both Oklahoma and New York (Ex. 6 ¶16).

   c.   In the state suit, Weiss pleads under penalty of perjury that New York authorities did not decide Tudor's 2020 complaint on the merits (Ex. 6 ¶ 17). *Contra* Ex. 1.

7

d. The docket of the state court action reflects that the suit was actually filed by Colclazier and fees and costs of filing were covered by Colclazier's firm. Exhibit 6 (Weiss state court docket sheet).

e. To date, Weiss has declined to notify this Court that she dismissed her federal suit against Young, only to reinitiate it in Oklahoma state court.

25. On February 23, 2024, Young and Stewart filed a motion in the instant case to strike (ECF No. 74) Weiss' February 13 brief (ECF No. 70) because it publicly disclosed a confidential settlement demand.

26. That same day, Weiss directed a process server to trespass onto Young's private property in an effort to serve him with a copy of Weiss Oklahoma state court lawsuit.

a. Young resides in Ithaca, Tompkins County, New York.

b. In Tompkins County, New York, process servers may not trespass on private property to execute service of process. *See* Exhibit 7 at 7.

c. Said process server encroached more than 100 yards from the public street onto Young's private road, and then walked across Young's front lawn to his front door and attempted under false pretenses to serve process to another person who answered the door at Young's house.

d.   Still undeterred, the process server demanded that Young answer the door despite then being on a time sensitive phone call regarding another case. Young cut that other call short to meet the process server outside. Upon meeting the process server, Young advised that she was trespassing on private property.

e.   At the time of attempted service, the process server notified Young that she (the process server) was advised by Weiss' instructions to serve Young on his private property. She further indicated that Weiss' instructions for service were simply to hand the documents to any person answering the front door. She further indicated that she was instructed that Oklahoma service of process in New York need not abide by New York or local law.

27.   To date, Former Counsel have expended considerable efforts and incurred additional expenses to legally defend against Tudor, Weiss, and Colclazier's various accusations made in the merits case, the instant case, and various ethics grievances.

## PROPOSED SCOPE OF TRO AND/OR PRELIMINARY INJUNCTION

Former Counsel respectfully ask that this Court grant a temporary restraining order or, in the alternative, a preliminary injunction, to protect the

9

parties from multiplication of proceedings on facts, issues, and related claims brought in the instant suit.

Such an anti-suit TRO and/or preliminary injunction is appropriate and necessary given Tudor, Weiss, and Colclazier's documented and ever-escalating efforts to use other authorities and jurisdictions to collaterally litigate matters they admit are related to attempts by Former Counsel to secure payment for attorney fees accrued in the merits employment case and efforts to recover the same in the instant case.

## ARGUMENTS AND AUTHORITIES

### I.    This Court is Empowered to Issue an Anti-Suit TRO or Injunction

This Court has the power to issue an anti-suit injunction barring all parties—or simply specifically Tudor, Colclazier, and Weiss—from initiating other suits and/or ethics grievances against one another until the instant case is decided on the merits.

The requested TRO or preliminary injunction falls within the second exception to the Anti-Injunction Act because the relief would be issued to protect the integrity of Western District's jurisdiction over Tudor's interpleader suit and Former Counsel's timely filed cross- and third-party claims. The federal Anti-Injunction Act, states:

> A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act

of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgements.

28 USC § 2283.

Such relief would not violate the Anti-Injunction Act for at least two reasons. First, this request falls within the second enumerated exception because it would be issued as necessary to aid the Western District in its jurisdiction over the instant case. Second, the request comports with longstanding Supreme Court precedent recognizing that statutory interpleader suits—like Tudor's—can be protected against encroachment from state proceedings that are substantially related. *Mitchum v. Foster*, 407 U.S. 225, 232–36 (1972) (recognizing both exceptions).

Tudor, Colclazier, and Weiss' various ethics complaints and Weiss' recent Oklahoma state lawsuit were filed in an effort to frustrate the Western District's jurisdiction both over the merits case and over Tudor's interpleader suit. This is despite the fact that Tudor chose to file her merits and interpleader cases in the Western District. And despite the fact that Tudor's interpleader suit demands an injunction prohibiting any and all actions pertaining to our demand for attorneys' fees. *See* ECF No. 1 at 4–5 (demanding Former Counsel and others "show cause as to why they should not be permanently enjoined from making claims against Tudor for attorneys fees associate with the litigation").

11

More concerning still are Weiss and Tudor's recent efforts—all aided directly by Colclazier—to attack Former Counsel in other proceedings over supposed missteps by Former Counsel in the instant case. As the OBA recently indicated via letter to Tudor, the 2024 ethics grievances she filed inappropriately sought to use grievance proceedings as a "procedural sword" while this matter is still being heard by the Western District (Ex. 6). Further, hearing such a grievance at this time would impermissibly encroach on the Western District's jurisdiction (Ex. 6).

Former Counsel respect that federal courts must be cautious when considering a request to enjoin state proceedings. Nonetheless, doing so is necessary on these particular facts. State authorities, including state courts, do not have jurisdiction to encumber earlier filed and still live federal court proceedings. *Baker ex rel. Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 236 n.9 (1998) ("This court has held it impermissible for a state court to enjoin a party from proceeding in a federal court.").

## II.  Equitable Factors Support Granting a TRO or Preliminary Injunction

A temporary restraining order is designed to preserve the relative positions of the parties and prevent irreparable injury until such time as the Court may determine a motion for preliminary injunction. *See Granny Goose Foods, Inc. v. Int'l Bhd. of Teamsters*, 415 US 423, 429 (1974). A preliminary

injunction serves the same purpose pending the outcome of the dispute. *See Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986).

The issuance of a TRO or other preliminary injunctive relief is within the sound discretion of the Western District. *Shoshone River Power, Inc.*, 805 F.2d at 354. The standards for a TRO and preliminary injunction are substantively similar. *See Smith v. Soil Conservation Serv.*, 563 F. Supp. 843, 844 (W.D. Okla. 1982); 43 C.J.S. *Injunctions* §17 at 782–84. To obtain a TRO and preliminary injunction, Young and Stewart must, and do here show: (1) they have a substantial likelihood of prevailing on the merits; (2) they will suffer irreparable harm unless the restraining order or injunction is issued; (3) the threatened injury to Young and Stewart outweighs the harm the restraining order or injunction may cause Tudor, Weiss, and Colclazier; and (4) the order, if issued, would not be adverse to the public interest. *Prairie Band of Potawatomi Indian v. Pierce*, 253 F.3d 1234, 1246 (10th Cir. 2001); 43 C.J.S. *Injunctions* § 17.

### 1.  Substantial Likelihood of Success On the Merits

Former Counsel are substantially likely to succeed on the merits of our cross and third-party claims against Tudor. For the reasons we have already explained at length in other filings, Oklahoma law expressly prohibited Tudor from settling around properly noticed attorney fee liens. In particular, Former

Counsel's suits against Tudor and Weiss allege a scheme to deprive counsel of attorneys' fees owed in the merits case and the present action. Former Counsel have not yet had the benefit of discovery in this suit, but Tudor, Weiss, and Colclazier's filings and conduct in the Western District and in other fora lend substantial support to the allegations as pled.

### 2.  Irreparable Harm Without a TRO or Preliminary Injunction

Former Counsel will suffer irreparable harm without Court intervention. Between 2020 to present, Tudor, Weiss, and Colclazier have lodged unsubstantiated allegations of misconduct against Former Counsel both via formal grievance complaints and on the dockets of the Western District. They have also refused to disclose to the Western District that those same allegations have been adjudicated and/or dismissed by ethics authorities in New York and Oklahoma; facts undermine the veracity of those allegations.

The allegations against Former Counsel are, as ethics authorities have already decided, unsubstantiated and otherwise not properly before them at this time. While we have some confidence that other jurisdictions will continue to recognize their obligation to not interfere with the Western District's proceedings, the risk of other grievances and lawsuits interfering with the instant case is too great to risk.

Without the relief requested, Former Counsel face the serious possibility of having to litigate Tudor and Weiss' allegations across multiple jurisdictions and ethics authorities while also trying to abide by court orders and the docket management decisions of the Western District. Doing so is onerous. For example, retaining ethics counsel is costly and it would be expensive and time consuming for Young to personally defend himself against Weiss in the Oklahoma state proceeding.

### 3.  No Party Will be Harmed by a TRO or Preliminary Injunction

Tudor, Weiss, and Colclazier will not be harmed if the relief requested is granted. The restrictions requested are fairly narrow—precluding Tudor, Weiss, and Colclazier from initiating other proceedings against Former Counsel while the instant litigation is pending and enjoining any other proceedings already initiated.

Former Counsel's request for relief is made to preserve the status quo by enjoining the parties and other courts and authorities from adjudicating this matter piecemeal elsewhere. Granting such relief is appropriate. *Univ. of Tex. v. Camenisch*, 451 US 390, 395 (1981) (purpose of relief "is merely to preserve the relative positions of the parties until a trial on the merits can be held"); *Dominion Video Satellite v. EchoStar Satellite*, 269 F.3d 1149, 1155 (10th Cir. 2001) ("We have explained that the status quo is the last uncontested status

between the parties which preceded the controversy until the outcome of the final hearing.") (cleaned up).

Moreover, Former Counsel's request accords with the basic notion that no party has a right to multiply proceedings. *See, e.g.*, 28 USC § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or Territory thereof who so multiplies proceedings unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). Indeed, the Tenth Circuit routinely upholds sanctions against parties and attorneys who do precisely that. *See, e.g.*, *Chung v. Lamb*, 73 F.4th 824 (10th Cir. 2023) (upholding sanctions against attorney who concealed she was a real party in interest and otherwise multiplied proceedings in attorneys' fee dispute); *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008) ("Courts are entitled to demand that an attorney exhibit some judgment. To excuse objectively unreasonable conduct by an attorney would be to state that one who acts with an empty head and pure heart is not responsible for the consequences.").

### 4. The Public Interest is Served by Issuance of Relief Sought

The public interest in resolving this dispute efficiently in a single proceeding weighs heavily in favor of granting the relief requested. Tudor and Weiss, along with all the other parties to this action, must be afforded a fair

16

process to adjudicate their claims against one another. Tudor chose the Western District to litigate her case, and consequently, Former Counsel brought claims against her and others here too. If Tudor, Weiss, and Colclazier wish to make allegations against Former Counsel, they should be forced to make them in this forum and otherwise transparently share with the Western District when and which allegations against Former Counsel were previously found to be without merit. Moreover, if missteps are alleged to have occurred in this proceeding, those are properly raised to the Western District, not other courts or authorities while this case is still pending.

Additionally, the public interest is served by the Western District protecting its jurisdiction against encroachment by other courts and authorities while this litigation is still pending. It would needlessly waste the resources of the Western District, other courts and authorities, as well as the parties to allow otherwise.

## CONCLUSION

For all of the foregoing reasons, Former Counsel respectfully ask that this Court temporarily and/or preliminarily enjoin Tudor, Weiss, and Colclazier from instituting proceedings in other courts and fora that are substantially related to the instant proceedings.

Dated: February 26, 2024

Respectfully Submitted,

/s/ Ezra Young
Ezra Young (NY Bar No. 5283114)
LAW OFFICE OF EZRA YOUNG
210 North Sunset Drive
Ithaca, NY 14850
P: (949) 291-3185
ezra@ezrayoung.com

/s/ Brittany Stewart
Brittany Stewart (OK Bar No. 20796)
PO Box 295
Aurora, MN 55705
P: (405) 420-5890
brittany.novotny@gmail.com

18

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2024, I electronically filed a copy of the foregoing with the Clerk of Court by using the CM/ECF system, which will automatically serve all counsel of record.

/s/ Ezra Young

Ezra Young (NY Bar No. 5283114)