# Exhibit 3

**From:** Ezra Young ezra@ezrayoung.com
**Subject:** Re: Activity in Case 5:22-cv-00480-JD Tudor v. Galindo et al Counterclaim
**Date:** January 17, 2024 at 9:34 AM
**To:** Jillian Weiss jweiss@jtweisslaw.com
**Cc:** Brittany Novotny brittany.novotny@gmail.com, Marie Galindo attorneymarieeiselagalindo@gmail.com, Jerry Colclazier jerry@colclazier.com, Dixie Coffey dixie.coffey@oag.ok.gov, Blake Patton bpatton@gablelaw.com

Jill,

Rule 13 speaks to what makes certain claims compulsory or permissive counter/cross claims. Rule 14 sets deadlines for timeliness in third party practice. Rule 15 governs amendment to pleadings. Under Rule 15(c), there's relation back here on our amended pleading being treated as the original pleading for the sake of other rules in the FRCP. This is one reason why we (Brittany and me) did not need to seek leave of Court to file our amended pleadings even though we had claims against you (and others).

You are in a different situation. You filed an answer to our suit twice, neither of which challenged the timeliness of the suit or even reserved the defense. Then you waited 305 days to file a third party suit against me. You had to satisfy the 14 day timeline to file the third party suit against me. Moreover, for a variety of reasons, it does not make sense for you to raise a timeliness objection to our complaint against you, filed in 2022 and amended as permitted in 2023. If you wanted to challenge timeliness you would have had to raised it sooner, most certainly before you answered our suit. We (Brittany and me) are not withdrawing our suit against you.

Best,

Ezra

> On Jan 16, 2024, at 12:45 PM, Jillian Weiss <jweiss@jtweisslaw.com> wrote:
>
> Hi Ezra,
>
> You raise an interesting point, but I read the rules differently. The defending party referred to in Rule 14(1)(1) would be you, as a defendant in the original interpleader action. It states that such a defending party may bring a third-party claim, but if it does so more than 14 days after serving its original answer, it must obtain leave of court to do so. You filed your original answer on 12/23/22. Your third-party claim was filed on 2/3/23. Therefore, if I read this correctly, it is you who filed your third-party claim too late. Therefore, I ask that you withdraw your third-party claim against me by January 19, 2024 at 12pm Central.
>
> Regarding a counterclaim by a third-party defendant, which is what I am as an individual entity, that is controlled by Rule 13. For the type of claim that I asserted, no specific time for pleading is called for.
>
> Please let me know your thoughts.
>
> Best,
>
> Jill
>
> Jillian T. Weiss
> Law Office of Jillian T. Weiss, P.C.
> 242 Main Street, No. 304
> Beacon, New York 12508
> Tel: (845) 709-3237
> Fax: (845) 684-0160
>
> <she/her>
>
> EMAIL NOTICE No implied permission to forward. Employer-provided system data, including smartphones, can be viewed by the employer.
>
> BAR ADMISSIONS Jillian T. Weiss is admitted to practice law in New York and New Jersey only. Statements herein are not intended as legal advice or to create an attorney-client relationship unless and until you and this firm have signed a written retainer agreement.
>
>> On Mon, Jan 15, 2024 at 6:05 PM Ezra Young <ezra@ezrayoung.com> wrote:
>> Jill,
>>
>> I'm confirming I've seen that you filed a third party counterclaim against me personally. I'm writing to ask you to withdraw your complaint by 12pm central January 17, 2024. You may not file such a counterclaim without leave of Court.
>>
>> FRCP Rule 14(a)(1) instructs that a defending party (you) may not serve a third-party complaint more than 14 days after serving your answer to the suit (mine and Brittany's against you). You filed your operative answer in the interpleader suit on February 27, 2023 (ECF No. 37). You third party complaint was filed 319 days *after* you filed your Answer, or 305 days out of time. As per Judge DIshman's chamber rules, I've reached out to you in advance of any motion to dismiss in hopes that we can resolve this by

Judge Dishman's chamber rules, I've reached out to you in advance of any motion to dismiss in hopes that we can resolve this by withdrawal of the complaint rather than asking for Court intervention.

Best,

Ezra

> Begin forwarded message:
>
> **From:** okwd_ecf_notice@okwd.uscourts.gov
> **Subject: Activity in Case 5:22-cv-00480-JD Tudor v. Galindo et al Counterclaim**
> **Date:** January 12, 2024 at 1:02:25 PM EST
> **To:** okwdecf@okwd.uscourts.gov
>
> **This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
> **\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.
>
> **U.S. District Court**
>
> **Western District of Oklahoma[LIVE]**
>
> ### Notice of Electronic Filing
>
> The following transaction was entered by Weiss, Jillian on 01/12/2024 at 11:50:05 AM CST and filed on 01/12/2024
>
> **Case Name:**      Tudor v. Galindo et al
> **Case Number:**    5:22-cv-00480-JD
> **Filer:**          Jillian T Weiss
> **Document Number:** 62
>
> **Docket Text:**
> **THIRD PARTY COUNTERCLAIM** *of Jillian T. Weiss, individually,* **against Ezra I Young filed by Jillian T. Weiss.(Weiss, Jillian) Modified on 1/12/2024 to correct proper filer ONLY (nv).**
>
> **5:22-cv-00480-JD Notice has been electronically mailed to:**
>
> Dixie L Coffey    dixie.coffey@oag.ok.gov, becky.sunderland@oag.ok.gov, docket@oag.ok.gov, lori.cornell@oag.ok.gov, riskdocket@omes.ok.gov
>
> Shon T Erwin    erwin-orders@okwd.uscourts.gov
>
> Jerry L Colclazier    jerry@colclazier.com, amie@colclazier.com
>
> Brittany M Novotny    brittany.novotny@gmail.com
>
> Jon Blake Patton    bpatton@gablelaw.com, dbrown@transgenderlegal.org, hmilligan@gablelaw.com, sduncan@transgenderlegal.org
>
> Ezra I Young    ezra@ezrayoung.com
>
> Marie E Galindo    AttorneyMarieEiselaGalindo@gmail.com
>
> Jillian T Weiss    jweiss@jtweisslaw.com, admin@jtweisslaw.com
>
> **5:22-cv-00480-JD Notice has been delivered by other means to:**
>
> The following document(s) are associated with this transaction:
>
> **Document description:** Main Document
> **Original filename:** n/a
> **Electronic document Stamp:**
> [STAMP dcecfStamp_ID=1041971380 [Date=1/12/2024] [FileNumber=5208112-0
> ] [8deb0ec987454ff0baca9bb017c21c3edd054a4d857b01fcfbbfe2f5f3b854fdb31
> 569e328518cdefa79bf480c7d24ecabd2720964ff564e6235171f3bcc19cb]]

*This is a re-generated NEF. Created on 1/12/2024 at 12:02 PM CST*