# Exhibit 5



*1057940802*

CJ-24-1034
Stinson

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

JILLIAN T. WEISS,

               Plaintiff,

v.

EZRA I. YOUNG,

               Defendant

Case No. CJ-2024-1034

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

FEB 16 2024

RICK WARREN
COURT CLERK

106

### VERIFIED PETITION

Plaintiff Jillian T. Weiss brings this action against Defendant, Ezra I. Young, and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1. The parties have been co-Defendants in a federal interpleader action in the Western District of Oklahoma at Oklahoma City brought to determine the legal owners of attorney fees for a previously settled federal employment discrimination action.

2. In that federal action, Defendant asserted a crossclaim[1] against Plaintiff alleging that she had engaged in a conspiracy to deprive Defendant of a larger amount of attorney fees, in excess of a million dollars, that would have resulted had not Plaintiff, acting as attorney for a client pro hac vice in the United States District Court for the Western District of Oklahoma, settled a claim brought by the client for employment discrimination.

---

[1] Plaintiff's law firm, a New York corporation, was later substituted as a defendant in place of Plaintiff, as an individual, in the interpleader action. The crossclaim against her as an individual was thus converted into a third-party claim.

1

3.  In so doing, Defendant engaged in malicious initiation of the Court's process against Plaintiff by bringing claims he knew to be groundless when made, or recklessly disregarded their groundlessness, seeking to hold Plaintiff liable for an attorney fee in excess of a million dollars allegedly owed to him.

## PARTIES

4.  Plaintiff Jillian Weiss is an attorney admitted to practice law in New Jersey since 1986 and New York since 1987,

5.  Defendant Ezra Young is an attorney admitted to practice law in the state of New York on October 8, 2014, who was formerly employed by Plaintiff from October 2014 to June 2016, and who served under Plaintiff as an attorney at the Fund from June 2016 to his involuntary termination in March 2017.

## JURISDICTION AND VENUE

6.  Jurisdiction is conferred on this Court by Okla. Const. art. VII, § 7(a).

7.  Venue is proper under Okla. Stat. tit. 12, § 137 because Defendant is a non-resident to whom there may be property of or debts owing to Defendant in Oklahoma County.

8.  All conditions precedent to filing of this suit have occurred.

## FACTUAL ALLEGATIONS

9.  In 2014, Plaintiff began representing a client formerly employed in Oklahoma in regard to an employment discrimination claim.

10. Plaintiff worked with the United States Department of Justice to take on the client as its first transgender client in 2015, and represented her as intervenor until July

2

2016, when Plaintiff joined a non-profit organization, Transgender Legal Defense and Education Fund (the "Fund"), as Executive Director.

11. The client then retained the Fund to represent her. Plaintiff, as and through her role as Executive Director, represented the client until April 2017, and again beginning in December 2019 through the conclusion of the case on July 14, 2022.

12. Mr. Young was terminated by Ms. Weiss in or about March 2017.

13. Mr. Young persuaded the client to leave her current representation and to have him represent her instead.

14. In 2019, the client approached Ms. Weiss, who was then in her own legal practice after having left the Fund, to resume representation of her.

15. She discharged Mr. Young from representation for cause, accusing him of several counts of misconduct, including sexual misconduct.

16. She then filed complaints against Mr. Young to the Oklahoma and New York Bar Disciplinary Committees with the assistance of Ms. Weiss.

17. These complaints were not taken up by the Committees, and they did not rule on the merits of these complaints.

18. The parties have been co-Defendants[2] in a federal interpleader action in the Western District of Oklahoma at Oklahoma City brought to determine the legal owners of attorney fees for a previously settled federal employment discrimination action.

19. Defendant brought a crossclaim against Plaintiff in the present action on

---

[2] Plaintiff's law firm, a New York corporation, was later substituted for Plaintiff, as an individual, in the interpleader action. The crossclaim was thus converted into a third-party claim.

February 3, 2023, designated as Docket No. 32.

20. The crossclaim against Plaintiff contained three counts: 1) Statutory and/or Equitable Attorneys' Lien (5 Okla. Stat. §6); 2) Contractual Entitlement to Fees and Costs; and 3) Quantum Meruit.

21. Defendant Mr. Young was aware, or recklessly disregarded, that

 a. he had no attorney's lien against Ms. Weiss,

 b. he was seeking to enforce a lien beyond the 1-year limitations period after he became aware of the compromise pursuant to Okla. Stat. § 5-8,

 c. that the amounts he was seeking against Plaintiff Ms. Weiss constituted an excessive fee in excess of the limits imposed by Okla. Stat. § 5-7,

 d. that the lien statute, Okla. Stat. § 5-6, applied only to the defendants in the employment discrimination action, and not to Ms. Weiss personally, and

 e. that he did not fulfill the prerequisite of the lien statute to notify defendants of the extent of the alleged lien of approximately $1.7 million.

22. He did so with primary ulterior and improper motives of causing damage to Ms. Weiss, against whom he holds a grudge as a disgruntled former employee terminated by Ms. Weiss, as an attorney discharged by the client for cause in favor of continuing with Ms. Weiss as attorney, as an attorney who had been accused of misconduct by Plaintiff to the Oklahoma and New York Bar Disciplinary Committees during a period of time during which Ms. Weiss represented Plaintiff, because Ms. Weiss settled the action for almost five times the amount that Mr. Young had obtained

after trial, and obtained reinstatement on extremely favorable terms.

23. At the time of filing, Mr. Young was aware or recklessly disregarded the fact that all his crossclaims against Ms. Weiss were groundless.

24. Ms. Weiss initially brought the claim herein against Mr. Young as a counterclaim against Mr. Young in the federal action.

25. The claims were voluntarily dismissed without prejudice on February 13, 2024 because Ms. Weiss learned that there is no subject-matter jurisdiction of such crossclaims and counterclaims in a federal interpleader action.

26. Mr. Young primarily brought these third party claims against Ms. Weiss for the ulterior and improper purposes of causing Ms. Weiss to expend time, effort and money to defend against baseless claims, to cause emotional distress to Ms. Weiss and to use the pleading as a platform to besmirch Ms. Weiss' previous reputation as a reputable person and a pioneering transgender rights attorney, to air his personal grievances as a disgruntled former employee against Ms. Weiss, and to aggrandize himself as being a champion for transgender rights.

27. Ms. Weiss, who has been practicing law for 35+ years, obtained a Ph.D. from Northeastern University in Law, Policy & Society in 2004, with a dissertation on transgender workplace policies, and served as a Professor of Law & Society at Ramapo College of New Jersey for 12 years, attaining the rank of tenured Full Professor. She has litigated over 60 cases involving transgender workplace discrimination in federal courts around the country. She is the co-author of the first law school casebook on transgender rights, Gender Identity & the Law, published in 2021 by Carolina Academic

5

Press, a well-respected academic publisher of law school casebooks, which has been used in law schools around the country, including Harvard University.

28. Mr. Young was admitted to the New York bar in 2014, and when he met Ms. Weiss in 2014, had no litigation experience. Ms. Weiss employed Mr. Young as an associate in her nationwide litigation practice in the field of transgender rights, and sought to and did provide him exposure as an advocate in the field to persons who might further his career.

29. Ms. Weiss considered him then, and now, as a brilliant and capable attorney who learned very quickly. Unfortunately, unbeknownst to Ms. Weiss, he was and is riddled with jealousy at her accomplishments, as well as anger resulting from his 2017 termination from the Fund by Ms. Weiss for lying to her about the statements of co-counsel in an attempt to manipulate the Fund to drop a case.

30. Mr. Young is also angry that Ms. Weiss was chosen over him by the client to conclude the representation, and because of her representation of the client at a time when the client asserted several complaints, including sexual misconduct, against Mr. Young to the New York and Oklahoma Bar Disciplinary Committees.

31. Mr. Young's use of the Court's processes for these ulterior and improper motives resulted in damage to Ms. Weiss, including but not limited to besmirching her reputation as a person and as an attorney, forcing her to expend time, effort, and money to defend herself against groundless claims, and created emotional distress.

6

## COUNT ONE
Malicious Initiation of Process

32. The allegations in paragraphs 1 through 26 are incorporated herein.

33. At the time of filing, Mr. Young was aware or recklessly disregarded the fact that he did not have a valid statutory or equitable lien as against Ms. Weiss.

34. At the time of filing, Mr. Young was aware or recklessly disregarded that he did not have a contract with Ms. Weiss regarding fees and costs.

35. At the time of filing, Mr. Young was aware or recklessly disregarded that he did not have a basis for a quantum meruit claim against Ms. Weiss.

36. Nonetheless, Mr. Young brought these crossclaims against Ms. Weiss with primary ulterior and improper motives of causing damage to Ms. Weiss.

37. As a result of these groundless crossclaims, Ms. Weiss suffered economic and non-economic loss, including but not limited to expenditures of time and effort in defending against the crossclaims, emotional distress and loss of reputation, in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jillian T. Weiss respectfully requests that the Court grant the following relief:

A. Order Mr. Young to pay money damages in an amount sufficient to make Ms. Weiss whole from the injury and damage caused by the filing and maintenance of the groundless third-party claims;

B. Order any further relief necessary to make Ms. Weiss whole;

C.  Award such additional relief as justice may require, together with Ms. Weiss's

costs, disbursements, and attorneys' fees in this action.

Dated: February 15, 2024

Respectfully Submitted,

*Jillian T. Weiss*

JillianT.Ms. Weiss
242 Main Street
Beacon, NY 12508
(845) 709-3237
jweiss@jtweisslaw.com
PRO SE

8