IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DR. RACHEL TUDOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-00480-JD |
| ) | |
| MARIE E. GALINDO, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Before the Court is Ezra Young ("Young") and Brittany Stewart's ("Stewart") joint Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"). [Doc. No. 75]. For the following reasons, the Court DENIES the Motion.

### I.   BACKGROUND

This action was commenced by Plaintiff Dr. Rachel Tudor ("Tudor") for statutory interpleader under 28 U.S.C. § 1335. Tudor seeks to resolve all attorney fee claims related to her Title VII sex discrimination case by interpleading a portion of the settlement she received in that case. *See also Tudor v. Se. Okla. State Univ.*, 13 F.4th 1019 (10th Cir. 2021). Defendants The Law Office of Jillian T. Weiss ("Weiss"), Transgender Legal Defense and Education Fund ("TLDEF"), Marie E. Galindo ("Galindo"), Young, and Stewart are all attorneys that represented Tudor at various stages of her sex discrimination case. The attorneys claim varying portions of the settlement fund. Now, pursuant to the Motion, Young and Stewart ask the Court to enjoin "a state court lawsuit now pending in the District Court of Oklahoma County, State of

Oklahoma" in which Weiss is suing Young for malicious initiation of process based on some of his filings in this interpleader action. [Doc. No. 75 at 6].[1]

Young and Stewart argue that the requested temporary restraining order and preliminary injunction "fall[] within the second exception to the Anti-Injunction Act because the relief would be issued to protect the integrity of [the] Western District's jurisdiction over Tudor's interpleader suit." *Id.* at 15. They also contend that such relief is warranted since this is an interpleader suit and the state-court proceedings "are substantially related." *Id.* at 16.

## II.   ANALYSIS

The Court premises its decision denying the Motion on two statutes: 28 U.S.C. § 2283 and 28 U.S.C. § 2361.

First, the Anti-Injunction Act ("the Act") provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The exceptions set forth in the Anti-Injunction Act are to be "construed narrowly," and "'doubts about the applicability of an exception'" should be resolved "'in favor of allowing the state-court proceeding to continue.'" *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 811 (10th Cir. 2023) (quoting *Tooele County v. United States*, 820 F.3d 1183, 1188 (10th Cir. 2016)).

---

[1] The Court uses CM/ECF page numbering from the top of docket filings.

In other words, the Act "generally prohibits federal courts from enjoining state-court suits." *Tooele County*, 820 F.3d at 1186. But "[a]n exception exists when an injunction is 'in aid of' the federal court's exercise of its jurisdiction." *Id.* This exception applies when "the federal and state court exercise in rem or quasi in rem jurisdiction over the same res," and "the federal court is the first to take possession of the res." *Id.* "'An action in rem is one founded upon the rights in or to property.'" *Id.* at 1188 (quoting *Housley v. Anaconda Co.*, 427 P.2d 390, 392 (Utah 1967)). "An action is quasi in rem when it affects the interests of only some persons in the property." *Id.*

Although the interpleader action will affect the res deposited with the Court, the state court action is not founded upon rights to the res; nor will it affect any of the federal parties' interest in the res. Similar to appellants in *Tooele County v. United States*, Young and Stewart argue that the state court action attempts to address the crux of the federal court action. But like the Tenth Circuit, this Court "reject[s] this argument because the second statutory exception requires more than a relationship between the suits and the property; both suits must also be in rem or quasi in rem proceedings." *Tooele County*, 820 F.3d at 1189. Here, while Young and Stewart argue both suits are similar, they do not claim that both suits are in rem or quasi in rem proceedings.

Second, under 28 U.S.C. § 2361, in interpleader actions, a district court may enter an order restraining all claimants "from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action." But as previously stated, the state court action does not affect the property involved in the interpleader action. In Weiss' prayer for relief in the state court

action, she asks the court to order Young "to pay money damages in an amount sufficient to make [Weiss] whole from the injury and damages caused by the filing and maintenance of [] groundless third-party claims." [Doc. No. 75-5 at 8]. She, for example, does not request a larger portion of the settlement fund or that Young be barred from participating in the interpleader action.[2]

Therefore, the Court concludes that a temporary restraining order or preliminary injunction is inappropriate in this case.

## III. CONCLUSION

In light of 28 U.S.C. § 2283 and 28 U.S.C. § 2361, the Court rejects Young and Stewart's arguments and denies the Motion. [Doc. No. 75].

IT IS SO ORDERED this 28th of February 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] One of the motions pending before the Court is Tudor's Motion to Deposit Funds. [Doc. No. 24]. Thus, the Court also premises its decision to deny Young and Stewart's Motion on the fact that Tudor's motion has not yet been granted and the funds have not been deposited. *See United States v. Major Oil Corp.*, 583 F.2d 1152, 1157 (10th Cir. 1978) ("The injunctive power is nationwide and is intended to halt any proceeding the court deems inconsistent with the interpleader proceeding. Of course, injunctive power can be brought into play only if the fund or bond has been deposited by the stakeholder.").