IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DR. RACHEL TUDOR, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-22-00480-JD |
| MARIE E. GALINDO, et al. | ) |
| Defendants. | ) |

## ORDER

The Court reviewed the docket in this matter and finds it necessary to enter a case management order regarding motions and other filings. The Court has inherent authority to manage its docket "so as to achieve the orderly and expeditious disposition of cases," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962), and the Court must guard against its docket becoming unmanageable.

This case is still in the early stages of litigation; no scheduling conference has been held nor has discovery begun. *See* LCvR26.3(a) (explaining that discovery is stayed while motions to dismiss are pending). Pending before the Court are four motions that are awaiting the Court's disposition, two of which are motions to dismiss. [Doc. Nos. 24, 35, 36, 74]. Perhaps most importantly, before the parties attended the court-ordered settlement conference, the Court flagged issues that would need to be resolved should the case not settle. [Doc. No. 57]. When the case did not settle, the Court asked for supplemental briefing on these issues, some of which pertained to subject matter jurisdiction. [Doc. No. 63]. Supplemental briefs were submitted, *see, e.g.*, [Doc. Nos. 66,

67, 68, 69, 70, 71], or the time passed to file additional briefing, see LCvR7.1. The last of the briefing was received on February 13, 2024.

Other than the pending Motion to Strike [Doc. No. 74], the Court sees no basis for additional filings until the Court considers the supplemental briefing and rules on the pending motions, particularly the Motion to Deposit Funds [Doc. No. 24] as it implicates the Court's subject matter jurisdiction. Accordingly, with the exception of concluding briefing on the Motion to Strike [Doc. No. 74] as described below, the parties are RESTRICTED from submitting any further filings without leave of Court until the Court rules on the pending motions. If a party believes that it is necessary to submit a motion or other filing before the Court rules on the pending motions, that party should file a letter addressed to the Court, no longer than three (3) pages, describing (1) the precise issue, (2) the relief requested and the legal basis for the relief, (3) attempts to resolve the issue without Court involvement, and (4) whether the other party opposes the relief requested. Upon considering the letter, the Court will determine whether to permit additional filings or briefing on the issue. Filings submitted in violation of this Order will be stricken.

Regarding the Motion to Strike [Doc. No. 74], the Court directs the deputy clerk to seal [Doc. No. 71] until the Court decides the Motion to Strike and directs The Law Office of Jillian T. Weiss, P.C. to respond to [Doc. No. 74] in accordance with Local Civil Rule 7.1.

IT IS SO ORDERED this 28th day of February 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE