June 11, 2024

*Re:*  Tudor v. Galindo et al., Case no. 5:22-cv-480-JD
       Request for Leave to File Motion for Accounting

To the Court:

In compliance with the Court's order (ECF No. 77), we write to seek leave to file a motion for accounting of the "settlement fund" by Dr. Tudor's personal counsel, Jerry Colclazier.

By way of background, under the June 2022 settlement agreement struck between Dr. Tudor, Southeastern, and RUSO, an attorneys' fund of $575,000 was paid directly to Mr. Colclazier (ECF No. 52-1 ¶ 1(a)(4)). Dr. Tudor disclaims a personal interest in the fund (ECF No. 1 ¶7), and yet Mr. Colclazier insists that Dr. Tudor will not allow him to cooperate with an accounting.

Our entitlement to an accounting is not reasonably disputed. The Oklahoma Rules of Professional Conduct oblige attorneys holding monies owed to third parties to either (1) remit the monies owed or (2) submit to an accounting of the funds. In pertinent part, Oklahoma Rule of Professional Conduct §1.15(d) reads: "Upon receiving funds in which [a] third person has an interest [an attorney shall] promptly render a full accounting regarding such property."

We conferred with Mr. Colclazier in advance of this request. In a May 15 email to Mr. Colclazier copying all parties we requested an accounting be

provided by May 29, 2024. On May 17, Ms. Weiss, who purports to no longer represent Dr. Tudor, requested legal authorities in support of our request. That same day we indicated our request is supported by Rule 1.15(d) as well as binding Oklahoma Supreme Court precedents including *State ex rel. Okla. Bar Assoc. v. Taylor*, 2003 OK 56 and *State ex rel. Okla. Bar Ass'n v. Bedford*, 1997 OK 83. On May 30th Mr. Colclazier declined our request for accounting asserting that "[a]bsent some legal authority for this request, or a request from the Court, I must decline." Mr. Colclazier went on to say that he would not provide any additional information or respond to further requests for accounting because "responses will not benefit my client."

Our request for accounting is properly within this Court's power to grant. Even if this Court lacks jurisdiction over Dr. Tudor's interpleader claim, it still retains jurisdiction over our claims. Moreover, this Court's responsibility for holding attorneys to the letter and spirit of the Oklahoma Rules of Professional Conduct extends throughout these proceedings as established by Local Rule 83.6(b) ("The court adopts the Oklahoma Rules of Professional Conduct as adopted and amended from time to time by the Supreme Court of Oklahoma as the standard governing attorney conduct in this court."). Further, given the Oklahoma Bar Association's notice that it will defer investigation of ethics violations committed in this litigation until this Court has considered them

(ECF No. ECF No. 75-4), we think it necessary to seek relief before this Court in advance of seeking enforcement of Rule 1.15(d) via the OBA.

Lastly, we are concerned that Mr. Colclazier suffers from role confusion that continues to frustrate the parties' efforts to amicably resolve this matter. With respect to this request, the money Mr. Colclazier claims to hold is not Dr. Tudor's to spend down (as she admits she has already done at ECF No. 24 ¶3) let alone shield from accounting. Considering Mr. Colclazier's history of violating ethics rules, this Court's clarification of his duties in this matter is appropriate and prudent. *See, e.g.*, *State ex rel. Edmondson v. Colclazier*, 104 P.3d 138 (2002) (upholding conviction of four instances of "oppression in office" warranting Colclazier's removal from judicial office); *Yancey v. Thomas*, 2010 WL 11520695 at *1 (W.D. Okla. 2010) (observing Colclazier's bringing of suit under the circumstances "would likely be sanctionable").

With the utmost respect,

Brittany Stewart and Ezra Young

## CERTIFICATE OF SERVICE

    I hereby certify that on June 11, 2024, I electronically filed a copy of the foregoing with the Clerk of Court by using the CM/ECF system, which will automatically serve all counsel of record.

                                              /s/ Brittany M. Stewart

                                              Brittany M. Stewart

                                              (OBA No. 20796)