IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DR. RACHEL TUDOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-00480-JD |
| | ) | |
| MARIE E. GALINDO, an individual, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This statutory interpleader was commenced by Plaintiff Dr. Rachel Tudor under 28 U.S.C. § 1335 to resolve attorney fee claims related to a previous Title VII sex discrimination action filed by Tudor. *See* [Doc. No. 1]. On September 30, 2024, the Court granted Tudor's motion to deposit funds [Doc. No. 24] and ordered Tudor to deposit $563,823.10 into the Court Clerk's registry. [Doc. No. 81 at 6]. While Ezra Young and Brittany Stewart contended that depositing one-third of the settlement fund would be insufficient, the Court disagreed and concluded that the fund amounts to one-third of the remaining settlement because all relevant retainer agreements included identical contingency fee clauses providing for a one-third share of any amount of damages awarded. *Id.* at 2, 5. Defendants Young and Stewart immediately filed a notice of appeal to the Tenth Circuit [Doc. No. 82], which docketed their appeal on October 1, 2024 [Doc. No. 84]. *See Tudor v. Young*, No. 24-6207 (10th Cir. Oct. 1, 2024).

Defendants Young and Stewart have indicated that they intend to raise on appeal the issue of this Court's subject matter jurisdiction in addition to the propriety of ordering

Tudor to deposit one-third of the settlement fund. *Tudor v. Young*, No. 24-6207 (10th Cir. Oct. 15, 2024), ECF No. 6 at 5–6. The Tenth Circuit will determine whether it has jurisdiction to hear Defendants Young and Stewart's interlocutory appeal after briefing on the merits is completed. *Tudor v. Young*, No. 24-6207 (10th Cir. Nov. 17, 2024), ECF No. 17 at 1.

Currently pending before this Court are Tudor's Motion to Dismiss Young and Stewart's Amended Counterclaims [Doc. No. 35], Third-Party Defendants' Motion to Dismiss Third-Party Complaint [Doc. No. 36], Defendants Young and Stewart's Joint Motion to Strike [Doc. No. 74], and Defendants Young and Stewart's Request for Leave to File Motion for Accounting [Doc. No. 80].

It is axiomatic that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "[T]he filing of a notice of appeal," the Tenth Circuit has instructed, "whether from a true final judgment or from a decision within the collateral order exception, 'is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) (quoting *Griggs*, 459 U.S. at 58). Once an appeal is filed, the district court retains jurisdiction only over "peripheral matters unrelated to the disputed" issue on appeal. *Id.* at 576. Even when the district court retains jurisdiction to resolve issues not involved in the appeal, the court has the authority to manage its docket by staying proceedings *sua sponte* pending an interlocutory appeal. *See Link v. Wabash R.R. Co.*,

370 U.S. 626, 630–31 (1962) (describing the "'inherent power' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *cf. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983) ("In some cases, of course, it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district court . . . as a matter of its discretion to control its docket.").

Without addressing the jurisdictional issue, the Court finds that staying proceedings in this action pending the outcome of the appeal would achieve the most orderly and expeditious disposition of this case. Because Defendants Young and Stewart have indicated they intend to raise on appeal the issue of this Court's subject matter jurisdiction, the Tenth Circuit's resolution of that issue could prove controlling over the other motions pending. At the very least, it may provide clarity to the other motions pending. It strikes this Court that the most efficient path forward is to await the Tenth Circuit's determination before proceeding in this case.

Therefore, this case is STAYED pending the outcome of the interlocutory appeal in *Tudor v. Young*, No. 24-6207 (10th Cir. docketed Oct. 1, 2024).

IT IS SO ORDERED this 17th of January 2025.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE