**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 29, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DR. RACHEL TUDOR,

    Plaintiff - Appellee,

v.

EZRA YOUNG; BRITTANY STEWART,

    Defendants - Appellants,

and

MARIE E. GALINDO; THE LAW
OFFICE OF JILLIAN T. WEISS, P.C.;
TRANSGENDER LEGAL DEFENSE
AND EDUCATION FUND, INC.,

    Defendants.

No. 24-6207
(D.C. No. 5:22-CV-00480-JD)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.

_____

Before us is an interlocutory appeal from a ruling in a statutory interpleader

action. Appellants Ezra Young and Brittany Stewart seek to collect their contested

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

attorney fees. They contend that we have jurisdiction under the collateral-order doctrine to resolve their appeal, despite the pendency of proceedings in the district court. But because the collateral-order doctrine does not apply in these circumstances, we dismiss this appeal for lack of jurisdiction.

I

Appellee, Rachel Tudor, was the prevailing party in a previous employment dispute that we remanded for calculation of attorney fees owed her. *Tudor v. Se. Okla. State Univ.*, 13 F.4th 1019, 1049 (10th Cir. 2021). On remand she settled for $1,725,000 on all claims, including attorney fees. Appellants are among Tudor's five former counsel, who made competing claims for fees out of the settlement amount. The contract fee for all attorney representation was set at one third of the settlement amount, less litigation expenses, which came to $563,823.10. Because the total of the claims of the five attorneys exceeded that amount, Tudor instituted this interpleader action, naming her five former counsel as claimant-defendants, and she sought permission to deposit $563,823.10 into the district court's registry, leaving proper allocation of the funds to the court. Appellants opposed the request and claimed the full value of their fees, naming Tudor and her original attorney as counterclaim defendants, and naming the defendants in *Tudor* as third-party defendants. Appellants argued that $563,823.10 was insufficient to satisfy an estimated $2.1 million in combined fees claimed by all five former counsel, and that Tudor's failure to deposit the estimated $2.1 million was insufficient "to comply with 28 U.S.C. § 1335(a)(1)'s requirement that she pay the full amount of money due into

2

the registry of the court." Aplt. App. at 60, ¶10. They argued that because Tudor

failed to deposit sufficient funds, the district court was obliged to dismiss the case for

lack of jurisdiction.

Tudor and the defendants from *Tudor* filed separate motions to dismiss

Appellants' claims against them. Before ruling on the motions to dismiss, however,

the district court ordered the parties to brief whether Tudor's proposed deposit of less

than the entire $2.1 million was a jurisdictional defect. Once briefing was complete,

the district court issued a jurisdictional ruling that Tudor's proposed deposit of

$563,823.10 sufficed to invoke the court's subject-matter jurisdiction. The district

court directed her to deposit that amount into the court registry, stating that once she

did so, it would take up the motions to dismiss and other pending matters.

That same day, however, Appellants filed a notice of appeal from the district

court's jurisdictional ruling. Tudor soon thereafter deposited $563,823.10 into the

court's registry, and the district court later stayed the case pending this appeal.

Given the pendency of proceedings in the district court, we directed

Appellants to brief our appellate jurisdiction. In response, Appellants contend we

have jurisdiction under the collateral-order doctrine. Tudor, however, responds that

we must dismiss this appeal because the collateral-order doctrine does not allow us to

hear this appeal.

II

We have jurisdiction over "appeals from all final decisions of the district

courts." 28 U.S.C. § 1291. "A 'final decision' within the meaning of § 1291 is

normally limited to an order that resolves the entire case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 38 (2020). But § 1291 "encompasses not only judgments that terminate an action, but also a small class of collateral rulings that, although they do not end the litigation, are appropriately deemed final." *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 106 (2009) (internal quotation marks omitted). An interlocutory order is within that small class only if "(1) the order is conclusive on the question it decides, (2) the order resolves important questions separate from the merits, and (3) the order is effectively unreviewable if not presented in an interlocutory appeal." *Coomer v. Make Your Life Epic LLC*, 98 F.4th 1320, 1323 (10th Cir. 2024) (brackets and internal quotation marks omitted).

These three criteria are "stringent" because "the class of collaterally appealable orders must remain narrow and selective." *Id.* at 1323-24 (internal quotation marks omitted). "[I]mmediate appeals under the collateral-order doctrine are the exception, not the rule." *Id.* at 1324 (internal quotation marks omitted). "Allowing too many piecemeal, prejudgment appeals encroaches upon the prerogatives of district court judges, who play a special role in managing ongoing litigation; threatens those proceedings with delay, adding costs and diminishing coherence; and risks additional and unnecessary appellate court work." *Id.* (brackets, ellipsis, citations, and internal quotation marks omitted).

We need consider only the third criterion. The collateral-order doctrine does not help Appellants because an appeal at this stage of the proceeding is "not necessary to ensure effective review" of the district court's ruling. *Mohawk,*

4

558 U.S. at 108.  "The crucial question . . . is whether deferring review until final judgment so imperils the interest [at stake] as to justify the cost of allowing immediate appeal . . . ."  *Id.*  "Examples of these interests reflecting some particular value of a high order include honoring the separation of powers, preserving the efficiency of government and the initiative of its officials, respecting a State's dignitary interests, and mitigating the government's advantage over the individual." *Vivos Therapeutics, Inc. v. Ortho-Tain, Inc.*, 142 F.4th 1262, 1266 n.2 (10th Cir. 2025) (internal quotation marks omitted).  Litigation between private parties almost always falls short of this standard.  *See id.* (noting "the Supreme Court has repeatedly declined to extend collateral order treatment to orders stemming from litigation between private parties").

Appellants identify no substantial public interest or particular value of a high order that warrants extending the collateral-order doctrine to their appeal.  This is a purely private dispute over attorney fees.  We have little difficulty concluding that Appellants have failed to show that the collateral-order doctrine affords us jurisdiction to review their appeal.

III

This appeal is dismissed for lack of jurisdiction.

Entered for the Court

Harris L Hartz
Circuit Judge

5

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert                                                                Jane K. Castro
Clerk of Court                                                                   Chief Deputy Clerk

October 29, 2025

Brittany M Stewart
Brittany Stewart Law Office
P.O. Box 295
Aurora, MN 55705

Ezra Young
Law Office of Ezra Young
210 North Sunset Drive
Ithaca, NY 14850

**RE:    24-6207, Tudor v. Young, et al**
     Dist/Ag docket: 5:22-CV-00480-JD

Dear Appellants:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40(d)(1), any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 3900 words or 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. *See* Fed. R. App. P. Rule 40 and 10th Cir. R. 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:      Jerry Lynn Colclazier
        Marie E. Galindo
        J. Blake Patton
        Jillian T Weiss

CMW/sls

2